NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CECIL L. MORTON, | No. 18-35521 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-05728-RJB |
| v. | |
| VANESA JOHANSON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Cecil L. Morton, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising from a disciplinary hearing.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo cross-motions for summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants Johanson, Jackson, and Glebe on Morton's due process claim because Morton failed to raise a genuine dispute of material fact as to whether he was denied due process where he was given a rehearing and the infraction was dismissed. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

The district court properly granted summary judgment on Morton's due process claim against defendant Rucker because Morton failed to raise a genuine dispute of material fact as to whether Rucker's behavior infringed on a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (an inmate's liberty interests protected by due process are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly granted summary judgment for Rucker on Morton's retaliation claim because Morton failed to raise a genuine dispute of

material fact as to whether Rucker acted with retaliatory motive or lacked a legitimate penological purpose for his actions. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth requirements for a retaliation claim in the prison context).

The district court did not abuse its discretion by denying Morton's motion for a temporary restraining order because Morton failed to establish that he was likely to succeed on the merits. *See Earth Island Institute v. U.S. Forest Serv.*, 351 F.3d 1291, 1297-98 (9th Cir. 2003) (setting forth standard of review and requirements for injunctive relief).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Morton's motion to hear the appeal on the original record, set forth in the opening brief, is denied as unnecessary.

**AFFIRMED.**

18-35521